UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GREGORY MCDONALD,

    Plaintiff,

v.                                            Case No.:  6:24-cv-406-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

**OPINION AND ORDER**

Plaintiff Gregory McDonald seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, Standard of Review, Procedural History, and the Commissioner's Decision**

    **A.    Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.     Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the administrative law judge, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are

reviewed under a de novo standard. *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The Commissioner must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the Commissioner must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the Commissioner must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the Commissioner must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the Commissioner finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the Commissioner must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the Commissioner must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

C.   **Procedural History**

Plaintiff applied for a period of disability and disability insurance benefits on February 5, 2021, alleging disability beginning September 5, 2019. (Tr. 51, 230-33). The application was denied initially and on reconsideration. (Tr. 51, 67). Plaintiff

requested a hearing and on July 6, 2023, a hearing was held before Administrative Law Judge Pamela Houston ("ALJ"). (Tr. 26-50). On August 30, 2023, the ALJ entered a decision finding Plaintiff had not been disabled from September 5, 2019, through the date of the decision. (Tr. 10-20). On February 7, 2024, the Appeals Council denied Plaintiff's request for review. (Tr. 1-5). Plaintiff began this action by Complaint (Doc. 1) filed on February 28, 2024, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 1).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through September 30, 2024. (Tr. 12). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 5, 2019, the alleged onset date. (Tr. 12). At step two, the ALJ found that Plaintiff had the following severe impairments: "degenerative disc disease of the cervical and lumbar spine; diabetes mellitus, type 2 (not insulin dependent); hypertension; obesity." (Tr. 12). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526). (Tr. 13).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except that he can sit, stand, and walk 6 hours each per day. He can occasionally stoop, kneel, crouch, crawl, and climb ramps and stairs, but never climb ladders, ropes, or scaffolds. The bilateral upper extremities can frequently push and pull at the light exertional level and can frequently reach in all directions. Avoid: work at heights, work with dangerous machinery and dangerous tools, foot controls, and concentrated exposure to temperature extremes, pulmonary irritants (e.g., dust, fumes, chemicals), and vibration.

(Tr. 14-15). At step four, the ALJ determined that Plaintiff was capable of performing his past relevant work as a concierge, hotel clerk. (Tr. 19). The ALJ found that this occupation does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 19). The ALJ concluded that Plaintiff had not been under a disability from September 5, 2019, through the date of the decision. (Tr. 19).

## II.     Analysis

On appeal, Plaintiff raises two issues:

(1)   Whether the ALJ erred by failing to consider the consultative examining physician's medical opinion concluding Plaintiff requires a medically necessary cane; and

(2)   Whether SSR 24-2p, if applicable, warrants a reversal of the Commissioner's final decision.

(Doc. 16, p. 2).

### A. Assistive Device

Plaintiff argues that the ALJ did not properly consider the medical opinion of consultative examining physician Sam Ranganathan, M.D., specifically his opinion that Plaintiff's use of a cane was medically necessary. (Doc. 6-7). Plaintiff claims that the ALJ did not properly evaluate the persuasiveness of Dr. Ranganathan's opinion, and failed to consider the medical necessity of Plaintiff's use of a cane. (Doc. 16, p. 5-8).

The Commissioner contends that Dr. Ranganathan's report is not a medical opinion under the Regulations. (Doc. 23, p. 6-7). The Commissioner also argues that the ALJ mentioned Dr. Ranganathan's report in the decision, showing that she had considered it. (Doc. 23, p. 7). The Commissioner also cites other medical providers who found Plaintiff able to walk without an assistive device. (Doc. 23, p. 7). The Commissioner further asserts that while the ALJ did not explicitly reject the use of a cane, the ALJ implicitly rejected such use because she excluded it from the RFC and referenced many records that showed no device was needed. (Doc. 23, p. 7-8). Finally, the Commissioner argues that even if the ALJ should have expressly rejected the use of a cane, the error is harmless because the result "would obviously be the same." (Doc. 23, p. 8). The Court disagrees.

On September 22, 2022, Dr. Ranganathan conducted a consultative physical examination of Plaintiff. (Tr. 875-81). As to Plaintiff's gait, on examination he found

that Plaintiff was "able to walk without an assistive device, able to tandem walk a few steps slightly unsteady, [and] unable to walk on the heels and toes." (Tr. 876). Dr. Ranganathan also observed that Plaintiff walked down the hall with a cane in his right hand "a little more comfortably." (Tr. 876). Dr. Ranganathan completed another form regarding the use of assistive device. (Tr. 880). In this form, Dr. Ranganathan found Plaintiff used a cane for ambulation based on the medical condition of degenerative joint disease of the cervical and lumbar spine. (Tr. 880). He found Plaintiff used the assistive device for walking and for stability. (Tr. 880). He also found that a cane was medically necessary. (Tr. 880).

In the decision, the ALJ found that Plaintiff's gait had been generally normal. (Tr. 15). She also noted that medical providers in 2019 through early 2021, found Plaintiff's gait was normal without an assistive device. (Tr. 16). The ALJ noted that in April 2021, on examination, a medical provider found Plaintiff's gait was antalgic without an assistive device. (Tr. 16). The ALJ summarized Dr. Ranganathan's consultative examination:

> Dr. Sam Ranganathan conducted an internal medicine consultative examination of the claimant on September 22, 2022. On examination, the cervical and lumbar spine were non-tender. Range of motion of the cervical spine was decreased on forward flexion to 45/50 degrees, on extension to 55/60 degrees, on lateral flexion to 35/45 degrees, and on rotation to 70/80 degrees. Range of motion of the lumbar spine was decreased on forward flexion to 70/90 degrees. The straight leg raising test was negative. The claimant was able to walk without an assistive device, but was unable to walk on heels

> and toes. He walked more comfortably down the hall with the use of a cane (13F).

(Tr. 17).

For a hand-held assistive device to be found medically necessary, medical documentation must "establish[] the need for a hand-held assistive device to aid in walking or standing, and describ[e] the circumstances for which it is needed (i.e., all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, *7 (1996). When the record establishes a plaintiff needs a hand-held assistive device, the ALJ "must always consider the particular facts of a case" and determine the circumstances under which it is required. *Id*.

Plaintiff met the criteria for finding a cane a medically necessary device. He provided medical documentation from Dr. Ranganathan showing the need for a cane for stability and for walking. (Tr. 880). As a result, the ALJ was required to consider the use of a cane and whether it was required in the RFC. She did not.

In addition, the ALJ did not properly consider the persuasiveness of this opinion. The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior

administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources

and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

The Commissioner contends that Dr. Ranganathan's report regarding the use of a cane is not an opinion under the Regulations and therefore the ALJ was not required to consider the persuasiveness of this opinion. (Doc. 23, p. 6). By definition, a medical opinion is a statement from a medical source of what a claimant is able to do despite an impairment. *See* 20 C.F.R. §§ 404.1513(a)(2). At a minimum, the need for a cane impacts the ability to stand and walk. Thus, Dr. Ranganathan's opinion that a cane was medically necessary and needed for stability and walking falls within

the definition of an opinion. While the ALJ did consider some of Dr. Ranganathan's reports, the ALJ did not mention his opinion that a cane was medically necessary for walking and stability. (*See* Tr. 17). And the ALJ did not evaluate the persuasiveness of this opinion. Even though the ALJ noted other medical providers' statements about Plaintiff not using an assistive device before September 2022, the ALJ did not provide any analysis explaining why she adopted these opinions over Dr. Ranganathan's opinion. As to the Commissioner's argument that this omission was harmless because the results would be same, this statement is undermined by the vocational expert's testimony at the hearing. (Tr. 48). When asked if the added use of a cane in the hypothetical would change the response on Plaintiff's ability to perform past relevant work, the vocational expert testified that the use of a cane would preclude employment. (Tr. 48). The ALJ failed to provide sufficient reasoning for the Court to conduct a meaningful review and determine whether substantial evidence supports the RFC assessment. *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."). For these reasons, substantial evidence does not support the ALJ's RFC assessment and the ALJ erred in failing to consider Dr. Ranganathan's opinion that a cane was medically necessary for Plaintiff when walking and for stability. Thus, remand is warranted.

### B. Remaining Issue

Plaintiff also challenges the applicability of SSR 24-2p. (Doc. 21, p. 10). SSR 24-2p revised the regulations about how the Commissioner considers past relevant work. 2024 WL 2846571. This new Regulation makes clear that it will apply to new applications filed on or after the applicable date of June 22, 2024. *Id.* at n.1. It also makes clear that on remand from Federal courts for further administrative proceedings, SSA will apply this SSR to the entire period at issue. *Id.* Based on this action being remanded for further administrative proceedings, this issue is moot.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to consider the use of a cane and consider Dr. Ranganathan's opinion. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 3, 2025.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties